IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BERNARD DEWITT CONDREY,     )
        )
     Plaintiff,     )
        )
v.     )     CASE NO. 1:17-cv-789-SRW
        )
NANCY A. BERRYHILL,     )
Acting Commissioner of Social Security,     )
        )
     Defendant.     )

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

Plaintiff Bernard Dewitt Condrey commenced this action on November 17, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his application for a period of disability and disability insurance benefits. *See* Doc. 1; Doc. 13. On August 22, 2014, plaintiff filed his application alleging disability as of January 18, 2014, because of "seizures," "crooked spine," "torn ligament left shoulder—had surgery," "bursitis in left shoulder," "carpal tunnel in both wrists," and "migraines." *See* R. 187, 191. On September 28, 2016, Administrative Law Judge Robert Waller ("the ALJ") issued an adverse decision after holding a hearing on May 23, 2016, on the plaintiff's application.[2] *See* R. 18–28, 33–68. The Appeals Council denied plaintiff's

---

[1] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[2] Attorney Quinn Brock appeared with the plaintiff at the hearing before the ALJ, and Walter Blakeney of the Brock & Stout law firm is plaintiff's counsel of record before this court. R.33; Doc. 13.

request for review on September 13, 2017, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1–5.

In the instant appeal, the plaintiff asks the court to reverse the Commissioner's adverse decision and award benefits or, in the alternative, to remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 13 at 6. This case is ready for review pursuant to 42 U.S.C. § 405(g). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c); *see also* Docs. 11, 12. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

In addition, the plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 13 at 6. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b). *See id*. These motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant

evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological

abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562–63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

Once the claimant has satisfied steps One and Two, [he] will automatically be found disabled if [he] suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform [his] work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

**ALJ'S DECISION**

The ALJ found first that plaintiff had not engaged in substantial gainful work during the period from his alleged onset date of January 18, 2014, through his date last insured of March 31, 2016. R. 20. At step two, the ALJ determined that plaintiff suffers from the severe impairments of seizure disorder, headaches, back and neck pain, bilateral carpal tunnel syndrome, and past left shoulder surgery still causing pain. *Id.* The ALJ next concluded that the plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. R. 22. The ALJ stated that he considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See* R. 22–26.

The ALJ made the following RFC determination:

> [T]he claimant had the [RFC] to perform light work as defined in 20 CFR [§] 404.1567(b) except he can reach overhead occasionally with his left upper extremity and he can frequently handle, finger, and feel with both upper extremities. The claimant should never climb ladders[,] ropes[,] or scaffolds but can frequently climb ramps and stairs. He can frequently balance, stoop, kneel, crouch, and crawl. The claimant should avoid unprotected heights, moving mechanical parts, operating motor vehicles, or open bodies of water. The claimant is also limited to performing simple, routine, and repetitive tasks, simple work-related decisions, and only occasional changes in a routine work setting.

R. 22–23. At step four, the ALJ found that plaintiff was unable to perform his past relevant work as municipal maintenance worker, mill maintenance worker, dishwasher, and kitchen helper. R. 26. Given plaintiff's age, experience and RFC, the ALJ determined at step five, with the assistance of vocational expert ("VE") testimony, that there were jobs that exist in significant numbers in the national economy that the plaintiff could perform. R. 27. Specifically, the VE identified representative jobs such as production assembler and

cafeteria attendant. R. 27. The ALJ's findings resulted in a determination that the plaintiff "was not under a disability … from January 18, 2014, the alleged onset date, through March 31, 2016, the date last insured." *Id*.

## ADMINISTRATIVE HEARING

Plaintiff was 50 years old at the time of the administrative hearing held on May 23, 2016. R. 37. He testified that he has an 11th-grade education and lives in a mobile home with his wife, who is disabled due to mental health issues. R. 37–38.

Plaintiff has not worked since at least January 2014. R. 42. His past relevant work included maintenance work since 2001 and dishwashing work since 2011. R. 40–42. Plaintiff alleges that he is disabled and unable to work due to seizures, a crooked spine, a torn ligament in his left shoulder that required surgery, shoulder issues with bursitis, carpal tunnel in both hands, and migraine headaches. R. 43. Plaintiff is on medication for his seizures, but he still occasionally gets them and he estimated that he had five seizures in 2016. R. 44–45. Plaintiff underwent surgery on his left shoulder in 2014. R. 45. His shoulder is better, but he still has left shoulder pain three to four times per month. R. 45. His shoulder pain level is at a three out of ten, with ten being the worst pain. R. 46. When plaintiff has back pain, his pain level is at an eight or nine. R. 46–47. He takes medication which helps reduce his pain. R. 50–51. He denied any side effects from his medications. R. 51. Plaintiff testified that he has carpal tunnel in both wrists with numbness, and he has pain in both hands. R. 47–48. He was prescribed braces for his wrists that help, but he still has problems. R.51–52. He also experiences numbness up and down his right leg. R. 48.

Plaintiff testified that he can only lift about ten pounds because of problems with his hands. R. 53. He can only stand four or five minutes before needing to sit, and he can walk about a half hour before needing a break. R. 54. He can sit for about 30 to 45 minutes before his back begins to bother him. R. 54. He testified that he spends most of his days lying down. R. 55.

Regarding his hand limitations, plaintiff testified that he has numbness that makes it difficult for him to do things such as buttoning a shirt, opening a door knob, picking up things, or opening a jar. R. 56–57. His wife helps him with daily personal care such as feeding, bathing, and grooming. R. 58. Other than throwing in a load of laundry, defendant relies on his wife to do most of the chores around the house, or his sister will come to help them. R. 59–60. He has no hobbies and does not engage in social activities except to go to church. R. R. 60.

The ALJ next took testimony from a vocational expert who classified plaintiff's past relevant work as a municipal maintenance worker and mill maintenance worker as heavy exertional positions, and dishwasher or kitchen helper as medium exertional. R. 62. The ALJ posed a hypothetical to the VE assuming an individual of plaintiff's age, education, and past work experience who can lift and carry 20 pounds occasionally and 10 pounds frequently; who can occasionally reach overhead with the left extremity and can frequently handle, finger, and feel with both upper extremities; frequently climb ramps and stairs but never climb ladders, ropes or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; can never be exposed to unprotected heights, moving mechanical parts, or operate commercial machinery; is limited to performing simple, routine, and repetitive tasks; and

is limited to simple work-related decisions and only occasional changes in work setting. R. 62–63. Based on this hypothetical, the VE testified that plaintiff could not perform his past relevant work. R. 63. However, the VE identified other jobs in the national economy that plaintiff could perform, including production assembler and cafeteria attendant. R. 64. In the second hypothetical, the VE was asked to assume that the individual could perform sedentary work, and could occasionally balance, kneel, crouch, and crawl, and only occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds, with the same environmental and mental limitations as in the first hypothetical. R. 64. Based on this second scenario, the VE testified there were sedentary exertional level jobs available in the national economy such as surveillance monitor, sedentary assembler, and microfilm document preparer. R. 65. For individuals who were unable to sit, stand and walk for a total of eight hours or who needed to lie down during an eight-hour work day, the VE testified there would be no competitive work available. R. 65. At the conclusion of the hearing, the ALJ indicated that he might order a consultative examination. R. 66.

## ISSUE ON APPEAL

The plaintiff argues that the ALJ's decision should be reversed because it is internally inconsistent as to a material fact, thus precluding support by substantial evidence.

## DISCUSSION

Following the hearing, the plaintiff was seen by a consultative examiner, William D. King, M.D. Plaintiff contends that the ALJ erred in crediting the opinions of the consultative examiner regarding plaintiff's postural limitations, but then failed to include those limitations in the RFC assessed and in the hypothetical to the VE. (Doc. 13 at 3–6).

The Commissioner responds that the ALJ only accorded partial weight to Dr. King's opinions but, even if his postural limitation opinions were accepted in full, the VE's testimony provides substantial evidence to support the ALJ's decision because the jobs identified by the VE require, at most, occasional balancing, stooping, kneeling, crouching, and crawling. (Doc. 14 at 3–6). Because the failure to include the postural limitations on an occasional, as opposed to frequent, basis in the hypothetical to the VE was at most harmless error, the Commissioner's decision is due to be affirmed.

At the request of the Social Security Administration, plaintiff underwent a consultative examination with Dr. King on June 30, 2016. R. 368–79. Plaintiff presented in no acute distress, oriented x3, and with normal gait and posture. R. 375, 377. On physical examination, plaintiff had 5/5 muscle strength in all extremities. R. 377. In both shoulders, plaintiff had no tenderness to palpation, no pain, normal strength and tone, and normal range of motion. R. 377. On examination, his left and rights wrists and hands were essentially normal except a positive Tinel's sign on the right supporting his claim of carpal tunnel. R. 377–78. His grip and dexterity in both hands were normal. R. 378. He was able to heal/toe and tandem walk and climb onto the exam table without assistance. R. 378. Plaintiff had full range of motion in his neck and there was no pain or tenderness to palpation upon cervical spine examination. R. 376–77. Examination of his lumbosacral spine revealed no tenderness to palpation, no pain, and normal strength and tone, but he had some stiffness on extension and was positive on the left in the straight leg raising test. R. 377–78.

Dr. King completed a medical source statement of ability to do work-related activities (physical). (R. 368–71). Relevant to plaintiff's argument, Dr. King stated that plaintiff could "occasionally" stoop, kneel, crouch and crawl. In discussing the opinions of Dr. King in his decision, the ALJ said as follows:

> Dr. King opined that the claimant could occasionally lift and carry up to fifty pounds. He further determined the claimant could, at one time sit for an hour, and stand and walk for about a half hour, he could sit for eight hours, stand for four hours, and walk for two hours in an eight hour day (B9F). Dr. King opined the claimant had manipulative limitations bilaterally as well as postural limitations and the claimant should never work at unprotected height[s], near mechanical parts, and should never operate a motor vehicle (B9F). This opinion is afforded partial weight. Dr. King's opinion on lifting, carrying, standing, environmental and postural limitations are consistent with the claimant's medical record. However, Dr. King's opinion regarding the claimant's limitations regarding walking and occasionally handling is not consistent with his examination or notation in the disability report that he had no limitations standing or walking. He also found normal grip strength, normal gait, and normal dexterity (B9F/13). Those findings and the other physical examinations in the record would discount his opinion on the claimant's ability to walk and handle.

R. 25–26. Based on Dr. King's findings and the ALJ's statement that plaintiff's "postural limitations are consistent with the claimant's medical record," the plaintiff argues that the ALJ erred in failing to limit his RFC to only occasional balancing, stooping, kneeling, crouching, and crawling. Instead, the ALJ made the following RFC assessment:

> [T]he claimant had the [RFC] to perform light work as defined in 20 CFR [§] 404.1567(b) except he can reach overhead occasionally with his left upper extremity and he can frequently handle, finger, and feel with both upper extremities. The claimant should never climb ladders[,] ropes[,] or scaffolds but can frequently climb ramps and stairs. He can *frequently* balance, stoop, kneel, crouch, and crawl. The claimant should avoid unprotected heights, moving mechanical parts, operating motor vehicles, or open bodies of water. The claimant is also limited to performing simple, routine, and repetitive

tasks, simple work-related decisions, and only occasional changes in a routine work setting.

R. 22–23 (emphasis added). In posing his first hypothetical to the VE, the ALJ used the above RFC and specifically referenced *frequent* balancing, stooping, kneeling, crouching, and crawling consistent with the RFC. However, plaintiff posits that the ALJ's RFC and hypothetical are materially inconsistent with the ALJ's adoption of Dr. King's opinions regarding his postural limitations of *occasional* stooping, kneeling, crouching, and crawling, thereby necessitating reversal or remand.[3]

In the five-step evaluation process, once it is determined that plaintiff cannot perform his past work at step four, the burden shifts at step five to the Commissioner to produce evidence that other work exists in the national economy that plaintiff could perform given his RFC. *See* 20 C.F.R. § 404.1560(c)(2); *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). To do so, the ALJ may enlist the help of a VE. The plaintiff, however, still has the obligation to prove he cannot perform the jobs identified by the VE and the ALJ in order to prove that he is disabled. *See Doughty*, 245 F.3d at 1278 n.2; *Jones*, 190 F.3d at 1228. Here, the ALJ, with the help of VE testimony, identified two jobs—production assembler and cafeteria attendant—that plaintiff could perform given his RFC. Plaintiff argues that Dr. King

---

[3] In the ALJ's second hypothetical, the VE was asked to assume that the individual could perform sedentary work, and the individual could only occasionally balance, kneel, crouch, and crawl. *See* R. 64. As noted by plaintiff, based on the change in age category during the pendency of the claim, if only sedentary occupations are available, the Medical-Vocational Guidelines ("Grids") would direct a finding of disabled as of plaintiff's fiftieth birthday. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.02. Because the court finds that any error in the first hypothetical was harmless, there is no need to reach the second hypothetical.

concluded that he could only occasionally balance, stoop, kneel, crouch, and crawl, and yet these two positions were identified by the VE in response to the hypothetical that included frequent balancing, stooping, kneeling, crouching, and crawling. Significantly, plaintiff does not argue that he is unable to perform these activities on an occasional basis. Nor does plaintiff point to any evidence in the record showing that he cannot do the representative jobs identified by the VE.

According to the DOT guidelines, the job of production assembler requires "occasional" stooping and crouching and requires no balancing, kneeling, or crawling. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles (DOT)*, §§ 706.687-010, 1991 WL 679074 (4th ed. 1991) (describing the demands of the job of production assembler). Similarly, the job of cafeteria attendant requires only occasional stooping, but otherwise no balancing, crouching, kneeling, or crawling. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles (DOT)*, §§ 311.677-010, 1991 WL 679074 (4th ed. 1991) (describing the demands of the job of cafeteria attendant). Thus, neither of these jobs requires <u>frequent</u> balancing, stooping, crouching, kneeling, or crawling.

Plaintiff is correct that the ALJ, when employing a VE, must pose hypothetical questions that are accurate and supportable on the record and that include all limitations or restrictions of the claimant. *See Wilson*, 284 F.3d at 1227 (citing *Jones*, 190 F. 3d at 1229). The first hypothetical posed to the VE did mirror the RFC assessed but, as the plaintiff observes, could be perceived as inconsistent with the evidence to the extent that the ALJ adopted Dr. King's opinions regarding postural limitations. The Commissioner argues that the ALJ only partially relied on Dr. King's opinions. However, a fair reading of the ALJ's

statements regarding Dr. King's opinions is that he relied upon the opinions "on lifting, carrying, standing, environmental and postural limitations [as these opinions were] consistent with the claimant's medical record," but "discount[ed] his opinion on the claimant's ability to walk and handle" because those findings were inconsistent with Dr. King's examination and the other record evidence. *See* R. 26.

The court agrees with plaintiff that the ALJ should have included postural limitations on an occasional, as opposed to frequent, basis in the first hypothetical posed to the VE to the extent that the ALJ relied on those postural limitations found by Dr. King. Notwithstanding, the court finds the error, if any, was harmless, at best. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983)(applying harmless error analysis to ALJ's incorrect statements that were irrelevant to whether claimant had a severe impairment). As discussed above, the jobs identified by the VE required, at most, occasional balancing, stooping, kneeling, crouching, and crawling, with some of these postural limitations not present at all. Thus, the jobs identified inherently included the postural limitations Dr. King found plaintiff could do. It is plaintiff's burden to prove he is disabled. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). Plaintiff has not directed the court to any evidence to show he cannot perform the jobs identified by the ALJ, so as to prove that he is disabled. *See Doughty*, 245 F.3d at 1278 n.2; *Jones*, 190 F.3d at 1228. Accordingly, the Commissioner's decision is due to be affirmed.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be **AFFIRMED** by a separate judgment.

In addition, it is hereby

**ORDERED** that the plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are **DENIED**. *See* Doc. 13.

Done, on this the 9th day of May, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge